**DOXARAS et ux. v. ABIHIDER.**

No. 4997.

Court of Civil Appeals of Texas.
El Paso.

April 28, 1954.

Andress, Lipscomb & Peticolas, El Paso, for appellants.

Edwards, Belk & Hunter, El Paso, for appellee.

HAMILTON, Chief Justice.

Plaintiff, Aftinios Abihider, filed suit against defendants, William R. Doxaras and wife, Mildred Doxaras, for a declaratory judgment as to the meaning of certain restrictions in the Miller's Lakeside Addition, and for an injunction restraining the defendants from building a wall in violation of said restrictions. Trial to the court without a jury resulted in a judgment against the defendants restraining them from constructing a wall nearer the property line on Ben Swain Drive than a line running from the end of the existing wall on the property line between lots 30 and 31 to the rear corner of the house on lot 30 closest to Ben Swain Drive. Defendants have duly perfected their appeal to this court.

The controversy involved here arose out of a dispute as to the meaning of certain restrictions on the subdivision known as Miller's Lakeside Addition. The plaintiff, who is appellee here, owns lot 31, Block 10, Miller's Lakeside Addition, and the defendants, appellants here, own the adjacent lot 30. It appears upon formation of said subdivision Miller's Lakeside Addition that an instrument containing restrictions was filed of record, together with plat of said addition. The pertinent provisions of said restrictions involved in this law suit are contained in Subdivisions B

and H. That part of Subdivision B applicable is:

"(b) No building shall be erected or permitted to remain on any residential building plot nearer to any front street than the set-back line 20 feet shown on the recorded plot, nor more than 30 feet from the front lot line to the main dwelling nor nearer than 5 feet to any side lot line, nor nearer than 20 feet to any side street line * * * This side lot line restrictions shall not apply to a detached garage which shall not be located nearer than 65 feet from the front property line."

Subdivision H:

"No fence or garden wall shall be erected between the front property line and the front building set-back line."

The plat introduced in evidence shows Ben Swain Drive, the only street involved in this controversy, runs in a northerly and southerly direction. Appellee's Lot No. 31 faces west on said street; appellants' Lot No. 30 adjoins No. 31 on the south. Said Ben Swain Drive continues along Lot 30 about 100 feet and makes a rounded turn to the eastward, forming a small semi-circle before proceeding in a southerly direction. Lot 30 faces Ben Swain Drive in two directions, to the west and to the southward. Said plat of said subdivision shows a line running parallel with Ben Swain Drive and being 20 feet from the property line adjacent to Ben Swain Drive. Said line is designated on the plat as the "minimum building line." Said line as shown on Lot 30 follows the contour of Ben Swain Drive along the west side and continues along the southward side. Appellants' house is so constructed as to face in a southwesterly direction toward the said semi-circle, set back 76 feet from Ben Swain Drive on the south, and 20.9 feet at its nearest point from Ben Swain Drive to the west. Appellants and appellee have built a party wall on their joint property lines up to 30 feet from the front property

line on Ben Swain Drive. Appellee maintains that since the average set-back of the houses along Ben Swain Drive is approximately 30 feet that appellant has no right to build a wall between that average building set-back line and Ben Swain Drive. Appellants maintain that they can under the restrictions build a fence up within 5 feet of their west property line on Ben Swain Drive.

■ We think that neither party is correct in his interpretation of what the restrictions mean. We find that the restrictions speak of a "set-back line 20 feet as shown on the recorded plat", a "side lot line", and a "side street line". Those are the only lines that are referred to in the restrictions. On the plat there is a line, as mentioned, designated as a "minimum building line" 20 feet from the street. There is no mention of an "average building set-back line" in the restrictions or on the subdivision plat, consequently we do not think that we should consider any such line in determining the question involved here. Taking the plat and the restrictions together we think it is clear that it is meant that any building on said Lot 30 is restricted to not less than 20 feet from the property line adjoining Ben Swain Drive. In other words, this Lot 30 fronts on Ben Swain Drive all around the curve on both sides and the 20 foot minimum building line as shown on the plat following the contour of such street around said lot is what is meant as the "building set-back line" mentioned in Section H, where it says "no fence or garden wall shall be erected between the front property line and the front building set-back line." Under this interpretation of the restrictions and the plat we hold that no fence may be built closer than 20 feet to Ben Swain Drive anywhere on appellants' Lot No. 30.

■■ We likewise hold that since there is nothing in the restrictions pertaining to an "average" building set-back line, that the court in restricting appellants to building their fence in a line from the end of the existing party wall to the rear corner of their house nearest Ben Swain Drive,

which is about 30 feet from Ben Swain Drive, was in error. Restrictive covenants on real estate must be construed strictly, and all doubts, if there be any, should be resolved in favor of the free and unrestricted use of the premises. Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465.

The judgment of the trial court should be reformed so that appellants will be enjoined from building a fence any nearer than 20 feet to the property line on Ben Swain Drive.